**In the Matter of Jeff BRUNS, Debtor.**

**Jeff Bruns, Plaintiff,**

**v.**

**Educational Credit Management Corp., Defendant.**

**Bankruptcy No. 02–41121.**
**Adversary No. 02–4083.**

United States Bankruptcy Court,
D. Nebraska.

Sept. 23, 2003.

Gene T. Oglesby, Oglesby Law Offices, Lincoln, NE, for debtor.

Gary L. Young, Keating, O'Gara, Davis & Nedved, PC, Lincoln, NE, for defendant.

Patricia Dugan, U.S. Trustee's Office, Omaha, NE, U.S. Trustee.

Rick D. Lange, Lincoln, NE, Chapter 7 Trustee.

## ORDER

TIMOTHY J. MAHONEY, Chief Judge.

Trial was held on September 19, 2003, before a United States Bankruptcy Judge for the District of Nebraska on Filing # 1, Complaint to Determine Dischargeability of Student Loan Under 11 U.S.C. § 523(a)(8) filed by Jeff D. Bruns, debtor/plaintiff. Gene T. Oglesby appeared for the debtor/plaintiff, and Gary L. Young appeared for Educational Credit Management Corporation.

Jeff Bruns, the debtor in this Chapter 7 case, is a 40–year–old single male. Following his high school graduation in 1981, he worked in various labor positions until he decided to go to college. He enrolled in college in 1989 or 1990 at the University of Nebraska—Lincoln, and obtained student loans to finance his education. He progressed slowly, but steadily, through the University system, but in late 1994 or early 1995, he was informed by the Financial Aid Department of the University that his progress had not been satisfactory, at least with regard to the timeliness of graduation, and he was told he would no longer receive student financial aid. At that time, he was approximately three semesters short of graduating with a Bachelor's Degree.

He left the University and has worked in the construction trade since that time.

From 1994 through 1998, he worked at manual labor, and depending upon the number of hours he was allowed, he made between $7,500 and $12,600 per year. He then obtained employment as a machine operator, making a couple dollars per hour more than previously, and, in the years 1999 and 2000, he worked a significant number of hours and earned more than $28,000 in 1999 and more than $32,000 in 2000.

He was injured on the job in July of 2001, and his adjusted gross income for the year 2001 was reduced to $21,754. During that year, he filed a workers compensation claim, which was granted. He also had initial medical expenses and was unable to work during part of the year because of his knee injury.

After initially being released by the medical authorities to return to work, he returned to his former employer, but was not allowed to continue in the same position and he therefore left that employment. He obtained employment with another company as a machine operator but was eventually let go because he could not keep up with the work.

In January 2003, he had a knee operation and has not returned to work in any capacity since that date. He is receiving workers compensation in the amount of $360 per week, but $175 of that amount goes to his child support obligation.

Mr. Bruns has minimal living expenses, but those expenses, at least at this time, exceed his monthly revenue. He has asked the court to discharge his student loan obligations which total, as of today, with interest added, $59,538.56.

Mr. Bruns is eligible for a United States Department of Education Student Loan Consolidation Program known as the William D. Ford Direct Loan Consolidation Program. Under the Ford Program, the borrower may receive a graduated payment plan; extend the payments up to thirty years, depending upon the loan balance; or make a monthly payment that is contingent upon his disposable income. That part of the program is called an "Income Contingent Repayment Plan" or "ICRP." If Mr. Bruns consolidated his student loan debts through this program, he would be eligible to apply for deferments and forbearances. Under his present income situation, he would have no monthly payments, and even if his adjusted gross income increased to more than $10,000 per year, his payments would be approximately $17 per month.

The Bankruptcy Code, at 11 U.S.C. § 523(a)(8), prohibits the discharge of a student loan such as the loans Mr. Bruns is responsible for, unless "excepting such debt from discharge ... will impose an undue hardship on the debtor and the debtor's dependents."

■ The case law in the Eighth Circuit makes it clear that the debtor has the burden of proving undue hardship by a preponderance of the evidence. *Long v. Educational Credit Mgmt. Corp. (In re Long)*, 271 B.R. 322, 328 (8th Cir. BAP 2002), *rev'd on other grounds*, 322 F.3d 549 (8th Cir.2003). According to *Andrews v. South Dakota Student Loan Assistance Corp. (In re Andrews)*, 661 F.2d 702, 704 (8th Cir.1981), as reaffirmed by the Eighth Circuit in the *Long* case referred to above, the trial court must consider "(1) the debtor's past, present and reasonably reliable future financial resources; (2) a calculation of the debtor's and his dependent's reasonable necessary living expenses; and (3) any other relevant facts and circumstances

surrounding each particular bankruptcy case." *Id.*

■ At the moment, the debtor is injured, receiving workers compensation benefits, and, according to his testimony, unable to work in his field. He owes child support in the amount of $500 per month, plus a payment of $200 per month on child support delinquency. The delinquent amount is approximately $3,000. The oldest child will be 19 in less than a year, and the $500 per month child support amount will be reduced to $360 per month. The last child will be 19 in four-and-a-half years and at that time the debtor's child support obligation will terminate.

There is no evidence in this record that the disability currently suffered by the debtor is permanent, or that it will prohibit him from obtaining employment, either in his field of experience or in some other field. Other than his knee injury, he appears to be an able-bodied, intelligent, articulate, 40–year–old single male.

Finally, he is eligible for the Ford Program referred to above. Because of the existence of that program and his eligibility for it, it is unlikely that either he or his dependents will suffer a hardship if the student loans are not discharged. As mentioned, the consolidation of his student loans under the Ford Program will enable him to obtain deferrals, forbearances and minimal monthly payments.

Combining the Ford Program with the fact that his child support payments will gradually be reduced in the next few years causes a determination, under the "totality of the circumstances" test, that neither the debtor nor his dependents will suffer an undue hardship if the student loans are not discharged.

Therefore, the student loans in this case are not discharged. Separate judgment shall be entered.

SO ORDERED.

## JUDGMENT

Judgment is entered in favor of the defendant and against the plaintiff. The student loans at issue are not discharged.

See Order entered contemporaneously herewith.

SO ORDERED.